UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS )
LIABILITY LITIGATION (No. VI) )   MDL DOCKET NO.: MDL 875
_____)
)
THIS DOCUMENT RELATES TO: )
ALL ACTIONS )

**ORDER ON PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME WITHIN
WHICH TO COMPLY WITH ADMINISTRATIVE ORDER NO. 12**

Upon consideration of Cooney & Conway Plaintiffs' Motion for an Extension of Time within which to Comply with Administrative Order No. 12, and the Court having jurisdiction over this matter; and after deliberation and sufficient cause appearing therefore; it is hereby

ORDERED, that the Motion is GRANTED; and it is further

ORDERED, that Plaintiffs represented by Cooney & Conway shall have until November 1, 2007 to comply with Paragraph 6. a), b) and c) of Administrative Order No. 12; and it is further

ORDERED, that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

_November 2_, 2007

ENTER:

/s/ James T. Giles, J.

JUDGE
James T. Giles

COONEY AND CONWAY
Attorneys for Plaintiff
120 North LaSalle Street
Chicago, IL 60602
(312) 236-6166
Firm I.D. No. 90200

Case 2:01-md-00875-JG    Document 4904    Filed 10/30/2007    Page 1 of 4

UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS ) <br> LIABILITY LITIGATION (No. VI) ) <br> _____) <br> ) <br> THIS DOCUMENT RELATES TO: ) <br> ALL ACTIONS ) | MDL DOCKET NO.: MDL 875 |

**PLAINTIFF REPRESENTED BY THE LAW FIRM OF COONEY & CONWAY'S MOTION FOR AN EXTENSION OF TIME WITHIN WHICH TO FILE DOCUMENTS IN COMPLIANCE WITH ADMINISTRATIVE ORDER NO. 12**

NOW COME THE Plaintiffs represented by the law firm of Cooney & Conway, and move this Court for an Extension of Time within which to file Documents in Compliance with Administrative Order No. 12. In support of their motion, Plaintiffs and their counsel state the following:

The asbestos MDL was first established by order of the Judicial Panel on Multi District Litigation on July 29, 1991. *In re Asbestos Products Liability Litigation (No. VI)*, 771 F.Supp. 415 (Jud.Pan.Mult.Lit 1991). As recognized in the original order, some 26,639 cases were then subject to transfer. *Id.* at 416, 424. Since then, thousands more asbestos cases have been transferred to MDL 875. Laudably, this Court has suggested a willingness to facilitate the resolution of cases, many of which have been dormant for years. This Court took additional affirmative steps toward that end when it entered Administrative Order No. 12 on May 31, 2007.

Pursuant to Administrative Order No. 12, Plaintiffs are required to supply personal information about themselves, the state of their case—including its procedural history and a complete inventory of the status of every defendant, and medical reports to avoid possible dismissal. *See* Administrative Order No. 12, ¶¶ 1-4. Finding this information requires a thorough review of the

physical files of each plaintiff, including medical reports. Moreover, even if an individual plaintiff decides to engage in the alternative submissions detailed in paragraph 5, such submission, while less burdensome than a primary submission, still requires a thorough investigation of the plaintiff's case to allow for an informed election.

This Court has imposed five separate deadlines for the above submissions based upon the years in which the case was originally filed. Administrative Order No. 12, ¶ 6. Doubtless, the Court set up the rolling deadlines with the understanding that Plaintiffs and their counsel would need some time to gather the massive information concerning the thousands of cases. The rolling deadlines also benefit this Court as the multiple deadlines avoid a document and information crunch and instead allow this Court to collect and review the extensive submissions more easily. The first deadline is October 1, 2007. *Id.*

Plaintiffs are working to give this Court the necessary information. Of equal importance, Plaintiffs are also committed to working toward the underlying objective of Administrative Order No. 12, namely, the resolution of the thousands of cases currently comprising MDL 875. Unfortunately, and despite their continued best efforts, Plaintiffs do not anticipate completion of all submissions due on October 1, 2007. The reasons for this delay are several.

Counsel does not have a comprehensive list of all cases currently inhabiting MDL 875 for which they are responsible. However, it does not appear from counsel's files that many, if any at all, of the active cases in which Cooney & Conway is counsel of record, were filed either before July 1991 or in the past two years. Counsel is working with the staff of this Court to obtain a comprehensive listing, but, so far, complete lists are unavailable. Complicating matters is the fact that many, if not all, cases have multiple case numbers that the firm must reconcile before they can make a proper submission. For example, if, as most often, a case was filed first in state court, then

removed to federal court and transferred to this Court, the case would have two distinct case numbers. Thus, matching a case listed under one number in plaintiff counsel's initial filing or database system to the more recent case number required for filing with certainty requires further culling of files and adds an additional layer of complexity to the identification of the applicable deadline. As stated, Counsel believes that very few of their cases fall within the parameters of the October 1, 2007 deadline, but to make sure that the information is as accurate as possible, Counsel seeks additional time to perfect the filing. Counsel anticipates that the number of clients affected by the October 1, 2007 deadline is less than 100. The number of cases affected by the later deadlines will be higher.

This Court has the authority to alter or amend administrative orders previously entered upon a showing of good cause by the movant. *See* Fed. R. Civ. P. 6 (b) (court may order an enlargement of time within which a party may comply); *see also*, Fed. R. Civ. P. 16(e) (permitting modification of pretrial order); *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002.). Plaintiffs submit the lack of identification of cases to allow for a determination of the applicable deadline to each individual case, together with the difficulties inherent in the updating and collection of the required information, constitutes good cause sufficient to warrant an extension of time within which to file submissions with this Court. Plaintiffs will continue to work to get this Court the information it needs. Plaintiffs just need more time within which to gather and organize the information. An extension now will save massive amounts of this Court's time and resources later and will not prejudice Defendants.

Presently, the submission dates for the various groups are only approximately thirty (30) days apart. Administrative Order No. 12, ¶6. Within each group are cases filed within a three to five year period. *Id.* Plaintiffs anticipate that they will experience the similar problems in completing the

submissions for these cases. Indeed, the subsequent cases may be even more numerous and therefore submissions even more burdensome to accomplish within the prescribed time. As Plaintiffs require additional time to prepare the first group of information submissions, the time that would have been spent on subsequent submissions will be shortened. Therefore, Plaintiffs respectfully request that all deadlines contained in paragraph six (6) of Administrative Order No. 12 be extended equally to allow for timely and complete submissions.

WHEREFORE, premises considered, Plaintiffs respectfully move this Court for an Order granting Plaintiffs an additional 31 days within which to file submissions due on October 1, 2007, an extension of 31 days for each submission group detailed in paragraph six (6) of Administrative Order No. 12, and such other relief as the Court deems just, necessary, proper and equitable.

RESPECTFULLY SUBMITTED,

COONEY & CONWAY

By:_____
Kathy Byrne
Cooney & Conway
120 N. LaSalle
Chicago, Il 60602
Attorneys for Various Plaintiffs

Case 2:01-md-00875-JG    Document 4904-2    Filed 10/30/2007    Page 1 of 1

# UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS ) <br> LIABILITY LITIGATION (No. VI) ) <br> _____ ) <br> ) <br> THIS DOCUMENT RELATES TO: ) <br>     ALL ACTIONS ) | MDL DOCKET NO.: MDL 875 |

## NOTICE OF FILING

PLEASE TAKE NOTICE that on **September 28, 2007** we filed with the Clerk of the United States District Court For The Eastern District of Pennsylvania, the following: **Plaintiff Represented By the Law Firm of Cooney & Conway's Motion for an Extension of Time Within Which to File Documents In Compliance with Administrative Order No. 12,** copies of which are attached hereto and herewith served upon you.

_____
Cooney and Conway

COONEY AND CONWAY (90200)
120 N. LaSalle Street, 30th Floor
Chicago, Illinois 60602
(312) 236-6166
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned states upon oath that she served a copy of the above and foregoing Notice, together with a copy of the document therein referred to, upon the above-named attorneys by mail and by placing a copy of same in a duly addressed and stamped envelope and depositing same in the U.S. Mail chute located at 120 N. LaSalle Street, Chicago, Illinois on **September 28, 2007.**

_____
Andrea Lipps

[X]    Under penalites as provided pursuant to 735 ILCS 5/1-109, I certify that the statements set forth herein are true and correct